**UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION**

**SUNTRUST BANK, a Georgia banking
corporation, and CRM CENTRAL
PROPERTIES, LLC, a Georgia Limited
Liability Company,**

      **Plaintiffs,**

v.                                                        **Case No. 3:11cv40-MCR/EMT**

**FRANCISCO R. ABAD, individually, and
OAK TREE APARTMENTS BAI, LLC, an
Alabama Limited Liability Company.**

      **Defendants.**
_____/

## ORDER

Pending before the court is Defendants' Motion To Dismiss Counts II and IV of Plaintiffs' Amended Complaint. (Doc. 16.) Plaintiffs oppose the motion (doc. 26), but the parties have filed a joint stipulation to dismiss Count II without prejudice (doc. 25). This joint stipulation operates without a court order, *see* Fed. R. Civ. P. 41(a)(1)(A)(ii), and therefore, the court will address the motion to dismiss only with regard to Count IV.

The amended complaint states that diversity jurisdiction exists.[1]  *See* 28 U.S.C. § 1332. The amended complaint alleges that Oak Tree Apartments BAI, LLC ("Oak Tree") breached its obligations under two agreements entered into between Oak Tree and Plaintiff

---

[1] The plaintiffs assert that the amount in controversy exceeds $75,000; that they are Georgia companies; that Oak Tree Apartments BAI, LLC, is an Alabama company; and that Francisco Abad is a resident of Florida. Defendants' answer to the amended complaint admits that Abad is a resident of Florida. (Doc. 15.)

Suntrust Bank – a Note and a "Swap Agreement"[2] – and that Defendant Francisco R. Abad personally guaranteed all obligations of Oak Tree pursuant to a commercial guaranty ("Guaranty"). Suntrust Bank allegedly assigned its rights regarding the Note and the Guaranty insofar as it applies to indebtedness due on the Note to Plaintiff CRM Central Properties, LLC ("CRM") (Counts I and III), but reserved its rights under the Guaranty with regard to indebtedness due on the Swap Agreement (Count IV).[3] Thus, in Count IV of the amended complaint, Suntrust Bank seeks a judgment against Francisco R. Abad, individually, on the Guarantee with regard to Oak Tree's indebtedness under the Swap Agreement.

The defendants move to dismiss, asserting this court lacks jurisdiction over the Swap Agreement, which includes a provision that exclusive jurisdiction shall lie in the United States District Court for the Southern District of New York and which requires mediation and arbitration all claims or disputes between them "resulting from or arising out of" the Swap Agreement. (*See* Doc. 9-5, at 22-23.) The plaintiffs assert that the motion to dismiss is due to be denied for violation of the local rules for the failure to include a memorandum with citation of authorities in support of the motion. *See* N.D. Fla. Loc. R. 7.1(A) (stating that the failure to file a memorandum with citations when it is required "may be cause for denial of the motion"). Also, plaintiffs assert that this court does not lack jurisdiction because the Guaranty does not contain either a forum selection clause or an arbitration provision.

The motion to dismiss is lacking of any citations of authority, contrary to the local rule, and the defendants have not controverted any jurisdictional facts regarding Count IV – diversity jurisdiction has not been challenged and Abad admits he is a Florida resident. In support of the motion, the defendants cite provisions of the Swap Agreement in which

---

[2] The "Swap Agreement" is formally called a 1992 ISDA Master Agreement and is dated February 28, 2008. " ISDA" stands for "International Swap Dealers Association, Inc." (Doc. 9-5, at 1.)

[3] Count II alleged breach of contract against Oak Tree based the Swap Agreement with Suntrust Bank. That count has been voluntarily dismissed as noted above. (Doc. 25.)

Case No. 3:11cv40/MCR/CJK

Suntrust Bank and Oak Tree agreed that exclusive jurisdiction for disputes arising from the Swap Agreement would lie in the United States District Court for the Southern District of New York and that the parties would submit all disputes to mediation and arbitration. Abad signed the Swap Agreement as president of Oak Tree. He signed the Guaranty personally, and it purports to guarantee all indebtedness of Oak Tree to Suntrust Bank,[4] but it does not contain a forum selection clause or an agreement to arbitrate.[5] It appears from the face of these documents that the amount ultimately due and owing on the Guaranty as alleged in Count IV is dependent upon a determination of Oak Tree's liability under the Swap Agreement, which is subject to arbitration. There is no requirement, however, that the arbitration proceedings must proceed to a conclusion before Suntrust Bank is permitted to bring an action on the Guaranty. Also, even considering that the determination of the underlying amount is subject to arbitration pursuant to the terms of the Swap Agreement, "the Eleventh Circuit has expressed its preference that district courts stay arbitrable claims rather than dismiss them." *Bhim v. Rent-A-Center, Inc.*, 655 F. Supp. 2d 1307, 1315 (S.D. Fla. 2009) (citing *Bender v. A.G. Edwards & sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992)). At this stage, only a motion to dismiss is before the court. Viewing the allegations of the complaint in the light most favorable to the plaintiff, Count IV states a plausible claim for relief on the Guaranty, *see Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009); *see also* Fed. R. Civ. P. 12(b)(6); and no defects of diversity or personal jurisdiction are apparent.[6]

---

[4] The term "indebtedness" is defined in the Guaranty to include the indebtedness evidenced by the Note and all other loans, advances, and liabilities owed, including all amounts due and owing under any "Hedge Agreement," as defined in the Guaranty to include an ISDA Master Agreement.

[5] The Guaranty states only that it is to be governed by Florida law. Even if it included a forum selection clause, such an agreement does not affect the court's subject matter jurisdiction. *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1253 n.3 (11th Cir. 1999) (citing *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 12 (1972) (stating the question becomes only whether the court should exercise jurisdiction to do anything more than give effect to the agreement by specifically enforcing the forum selection clause)).

[6] The defendants appeared, filed an answer admitting that Abad is a Florida resident, and filed a Rule 26 report, all without reserving a challenge to personal jurisdiction. The defendants also argued that the Guaranty is not separate from the Note and that the plaintiff therefore should not be permitted to sue for breach of both. The court finds this argument to be without merit.

Accordingly, it is hereby ORDERED that the motion to dismiss Count IV (doc. 16) is **DENIED**.

**DONE AND ORDERED on this 16th day of May, 2011.**

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**United States District Judge**